IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MATTHEW LEO FAISON,**
**D.O.C. # O38634,**

    **Plaintiff,**

**vs.**                                                                       **Case No. 4:23cv205-MW-MAF**
**A. CORTES, M.D., et al.,**

    **Defendants.**
**_____/**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case by submitting a civil rights complaint, ECF No. 1, a memorandum of law, ECF No. 2, and a motion for leave to proceed with in forma pauperis status, ECF No. 3. Plaintiff is a prisoner in the custody of the Florida Department of Corrections who is currently housed at Wakulla Correctional Institution.

Plaintiff's complaint makes the assertion that Plaintiff is under imminent danger of physical serious injury because prison medical doctors will not allow him "to continue [to] receive medical treatment from the society hospital doctors . . . ." ECF No. 1 at 5. Plaintiff acknowledges within his complaint that he has had prior cases dismissed as a "three

striker," although he does not identify all such cases nor does he honestly disclose all prior cases he has filed. ECF No. 1 at 10.

Although Plaintiff did not provide case numbers for those cases which were previously dismissed as frivolous, malicious, or for failing to state a claim upon which relief can be granted, the Court takes judicial notice of the following cases which were dismissed under 28 U.S.C. § 1915(g) because Plaintiff was found to be a "three striker" and did provide sufficient allegations to demonstrate imminent danger:

- <u>Faison v. Guerra, et al.</u>, case # 3:18cv158, dismissed under 28 U.S.C. § 1915(g) by this Court on 3-2-2018

- <u>Faison[1] v Global Experts Outsourcing, et al.</u>, case # 3:20cv5828, dismissed under 28 U.S.C. § 1915(g) by this Court on 10-7-2020

- <u>Faison v. Ford, et al.</u>, case # 3:18cv2181, dismissed under 28 U.S.C. § 1915(g) by this Court on 11-5-2018

- <u>Faison v. Couriel, et al.</u>, case # 4:22cv441, dismissed under 28 U.S.C. § 1915(g) by this Court on 2-6-2023.

Thus, Plaintiff is well aware that he is not entitled to proceed with in forma pauperis status unless his complaint presents sufficient factual allegations to show that Plaintiff is facing "imminent danger of serious

---

[1] Plaintiff used the name Matthew Levi Faison, Jr., in that Court, but the Court has confirmed by the Department of Corrections' inmate number that this is the same person as the Plaintiff in this case, proceeding with the name Matthew Leo Faison.

Case No. 4:23cv205-MW-MAF

physical injury." 28 U.S.C. § 1915(g). Plaintiff's complaint, ECF No. 1, and memorandum of law, ECF No. 2, make conclusory assertions of imminent danger, but Plaintiff does not allege facts to support that claim. Plaintiff contends he is denied medical care, but he has not alleged that he has a serious medical need, he has not identified any symptoms or problems, and he has failed to show that he is in imminent danger. Plaintiff's allegations are insufficient to proceed.

Thus, Plaintiff is not entitled to proceed with in forma pauperis status in this case. This case should be dismissed without prejudice because Plaintiff did not submit the filing fee at the same time the complaint was submitted, and Plaintiff is not entitled to pay the filing fee in deferred monthly payments. <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." *Id.*

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** to Plaintiff's refiling the action if Plaintiff simultaneously submits the $402.00 filing fee.  It is also **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on May 22, 2023.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**